UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x
VANESSA FEELEY, on behalf of herself and a class of similarly
situated individuals

                                                    **COMPLAINT**

                                                    **JURY DEMAND**

                                          Plaintiffs,

            -against-

THE CITY OF NEW YORK; MICHAEL RUBENS
BLOOMBERG, as Former Mayor; BILL de BLASIO, as Mayor;
MARTHA H. HIRST, as Former Commissioner – Department
of Citywide Administrative Services; EDNA WELLS HANDY,
as Former Commissioner – Department of Citywide Administrative
Services; STACEY CUMBERBATCH, as Former Commissioner –
Department of Citywide Administrative Services; LISETTE
CAMILO, as Commissioner – Department of Citywide Administrative
Services; NICHOLAS SCOPPETTA, as Former Commissioner – Fire
Department City of New York; SALVATORE CASSANO, as Former
Commissioner - Fire Department City of New York; DANIEL A.
NIGRO, as Commissioner, Fire Department City of New York;
MARK ARONBERG, as Assistant Commissioner, Fleet Services
Division, Fire Department City of New York; ANDY DIAMOND, as
Executive Director, Fleet Services Division, Fire Department City of
New York; LOUIS MORBELLI, as Director, Fleet Services Division,
Fire Department City of New York; HUGH MCALLISTER, as Deputy
Director, Fleet Services Division, Fire Department City of New York
and PATRICK MURPHY, as Supervisor, Fleet Services Division, Fire
Department City of New York each sued individually and in their
official capacities as employees of Defendant THE CITY OF NEW
YORK

                                        Defendants'
--------------------------------------------------------------------------------x

        Plaintiff VANESSA FEELEY through THE SANDERS FIRM, P.C., files this federal

complaint against Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS

BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY

CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE

CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS

MORBELLI; HUGH MCALLISTER and PATRICK MURPHY, respectfully set forth and allege that:

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

      a.      Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978;

      b.      Civil Rights Act of 1871, 42 U.S.C. § 1983;

      c.      New York State Executive Law § 296;

      d.      New York City Administrative Code § 8-107, as amended by the Pregnant Workers Fairness Act of 2014.

2.      The unlawful employment practices, violations of Plaintiff VANESSA FEELEY'S civil rights complained of herein were committed within the Eastern Districts of New York.

## PROCEDURAL REQUIREMENTS

3.      Plaintiff VANESSA FEELEY have filed suit with this Court within the applicable statute of limitations period.

4.      Plaintiff VANESSA FEELEY allege that on or about January 23, 2019, she filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (EEOC), Complaint Nos.: 520-2019-01775.

5.      Plaintiff VANESSA FEELEY allege that as of April 10, 2020, she has not received a Notice of Right to Sue from the United States Department of Justice.[1]

6.      Plaintiff VANESSA FEELEY is not required to exhaust any administrative

---

[1] Although requested at the same time as the NYPD Rule 23 Class Members, she has not received the Notice of Right to Sue from the United States of Justice but, if necessary will be added to the complaint upon receipt.

procedures prior to suit under the Civil Rights Act of 1871, New York State Executive Law § 296 or New York City Administrative Code § 8-107.

**RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**A.**     **Class Definition**

7.      Plaintiff VANESSA FEELEY seek to maintain claims individually and on behalf of the following class:

> Nursing Mothers Class
> All female employees that have or will be employed with Defendant THE CITY OF NEW YORK and assigned to the Fire Department City of New York (FDNY) from August 15, 2007, to the date of judgment that have the need or chooses to express milk during work hours (the "Nursing Mothers Class").

8.      Plaintiff VANESSA FEELEY is a member of the proposed class (collectively, the "Rule 23 Class" or the "Rule 23 Class Members").

9.      Plaintiff VANESSA FEELEY reserve the right to amend the definitions of the Rule 23 Class based on discovery or other legal developments.

10.     Plaintiff VANESSA FEELEY alleges that the patterns, practices or policies described in this federal complaint demonstrate that pregnancy discrimination is common within the FDNY and shows that such unlawful conduct is part of its' operating patterns, practices or policies.

**B.**     **Numerosity and Impracticality of Joinder**

11.     Plaintiff VANESSA FEELEY and the Rule 23 Class, upon information and belief, consist of more than 100, past, present and future female employees that fit within the class. The FDNY presently employs more than 17,000 employees. The Rule 23 Class Members are sufficiently numerous to make joinder impractical.

**C.**     **Efficiency of Class Prosecution of the Rule 23 Class Claims**

12.     Plaintiff VANESSA FEELEY alleges that certification of the proposed Rule 23 Class is the most efficient and economical means of resolving the questions of law and fact that are common to the legal claims.

13.     Plaintiff VANESSA FEELEY alleges that their individual claims require resolution of the common questions concerning whether within the FDNY co-workers, supervisors, managers and/or executives have engaged in a pattern or practice of pregnancy discrimination against female employees.

14.     Plaintiff VANESSA FEELEY alleges that to obtain relief for herself and the other Rule 23 Class Members, she seeks to establish the existence of systemic unlawful pregnancy discrimination within the FDNY.

15.     Without certification of the Rule 23 Class, the same evidence and related legal issues would be subject to a multitude of individual lawsuits in different forums with the attendant risk of inconsistent adjudications and conflicting outcomes.

16.     Plaintiff VANESSA FEELEY alleges that certification of the Rule 23 Class is the most efficient means of presenting the evidence and arguments necessary to resolve the underlying issues for them, the other Rule 23 Class Members, and Defendant THE CITY OF NEW YORK (FDNY).

### D.     Common Questions of Law and Fact

17.     The claims alleged on behalf of the Rule 23 Class Members raise questions of law and facts common to each of the Rule 23 Class Members. These questions include inter alia, whether within the FDNY coworkers, supervisors, managers and/or executives:

- Treated nursing mothers differently from similarly situated non-nursing employees that resulted in unequal and adverse treatment in violation of federal, state and city law;

4

- Regularly failed to make reasonable accommodations for nursing mothers that required medically necessary absences;
- Implemented discretionary, subjective protocols and treatment that disfavors nursing mothers, nursing mothers that require accommodations due to pregnancy related complications;
- Implemented discretionary, subjective protocols and treatment that disfavors nursing mothers and their need or choice to express milk during work hours;
- Implemented discretionary, subjective protocols that relate to requests for time off, work absences or requests not to travel made by nursing mothers;
- Engaged in patterns, practices and/or policies fostering and resulting in systemic unlawful pregnancy discrimination against female employees with respect to their need or choice to express milk in the workplace;
- Engaged in repeat systemic marginalization and indifference towards nursing mothers who complained about pregnancy discrimination;
- Regularly subjected nursing mothers to hostility, ridicule, special rules and strict scrutiny;
- Regularly subjected nursing mothers to retaliatory actions including denying denial of reasonable accommodations, refusing to participate in the cooperative dialogue surrounding an accommodation request, etc.; and
- Failing to investigate or remedy complaints about pregnancy discrimination or otherwise ignored such complaints.

18.   Thus, the common question requirement of FRCP 23(a) is satisfied.

### E.   Typicality of Claims and Relief Sought

19.   Plaintiff VANESSA FEELEY is a member of the Rule 23 Class she seeks to represent.

20.   Plaintiff VANESSA FEELEY alleges that her claims are typical of the claims of the Rule 23 Class in that they all arise from the same unlawful patterns, practices and/or policies within the FDNY, and are based on the legal theory that these patterns, practices and/or policies violate legal rights protected by federal, state and local law.

21.   Plaintiff VANESSA FEELEY allege that she and the other Rule 23 Class Members are each the victim of unlawful adverse employment decisions within the FDNY because they became pregnant during their employment.

22.    The relief Plaintiff VANESSA FEELEY seek for the unlawful patterns, practices and/or policies within the FDNY is typical of the relief which is sought on behalf of the Rule 23 Class Members.

23.    Plaintiff VANESSA FEELEY alleges that the pregnancy discrimination she experienced is typical of that experienced by the other Rule 23 Class Members.

24.    Within the FDNY, female employees who are or have been pregnant are subjected to a workplace culture dominated by male policymakers.

25.    The workplace culture has affected Plaintiff VANESSA FEELEY and the other Rule 23 Class Members in the same or similar ways.

26.    Plaintiff VANESSA FEELEY alleges that she and the other Rule 23 Class Members have been affected in the same or similar ways by the FDNY'S failure to investigate claims of pregnancy discrimination and its failure to promulgate and enforce adequate procedures designed to detect, monitor, and correct this pattern and practice of pregnancy discrimination.

27.    The relief necessary to remedy the legal claims of Plaintiff VANESSA FEELEY is the same as claims of the other Rule 23 Class Members.

28.    Plaintiff VANESSA FEELEY request individually and on behalf of the other Rule 23 Class Members, declaratory and injunctive relief.

29.    The request for a declaratory judgment is the same for Plaintiff VANESSA FEELEY individually and the other Rule 23 Class Members, namely, that within the FDNY coworkers, supervisors, managers and/or executives engaged in discretionary, subjective protocols that disfavors female employees that require accommodations due to pregnancy related complications or employees that will need or choose to express milk during work hours.

6

30. The request for injunctive relief is the same for Plaintiff VANESSA FEELEY individually and the other Rule 23 Class Members, namely, that a permanent injunction is ordered against these discriminatory practices, as well as an order for injunctive relief that mandates new policies and practices within the FDNY that cease such continuing pregnancy discrimination and ensures that such complaints will no longer be ignored or marginalized.

31. Thus, the typicality requirement of FRCP 23(a) is satisfied.

**F.    Adequacy of Class Representation**

32. The interests of Plaintiff VANESSA FEELEY is the same as those of the other Rule 23 Class Members that she seeks to represent in the instant case.

33. Plaintiff VANESSA FEELEY is willing and able to represent the Rule 23 Class Members fairly and vigorously as she pursues her similar individual claims.

34. Plaintiff VANESSA FEELEY have retained counsel who is qualified and experienced in handling complex employment and civil rights matters, and is able to meet the time and fiscal demands necessary to litigate a class action of this size.

35. The combined interests, experience and resources of Plaintiff VANESSA FEELEY and her counsel to competently litigate the individual and the Rule 23 Class claims satisfy the adequacy of representation requirement of FRCP 23(a).

**G.    Requirements of Rule 23(b)(2)**

36. Without class certification, the same evidence and related legal issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting outcomes.

37. Specifically, evidence of the FDNY'S patterns, practices and/or policies, and the issue of whether they are in violation of federal, state and local law would be repeatedly litigated.

38. Accordingly, certification of the proposed Rule 23 Classes is the most efficient and judicious means of presenting the evidence and legal arguments necessary to resolve such questions for Plaintiff VANESSA FEELEY, the other Rule 23 Class Members and the FDNY.

39. Plaintiff VANESSA FEELEY alleges that on behalf of herself and the other Rule 23 Class Members, within the FDNY the management promulgated and enforced rules that led to systemic patterns, practices and/or policies that are discriminatory towards pregnant female employees and nursing mothers that need or choose to express milk during work hours.

40. These discriminatory acts are not sporadic or isolated, and must be addressed through final injunctive and declaratory relief with respect to Plaintiff VANESSA FEELEY and the other Rule 23 Class Members.

41. Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the existence of systemic pregnancy discrimination against the Rule 23 Class Members.

42. Declaratory and injunctive relief are the factual and legal predicates for Plaintiff VANESSA FEELEY and the other Rule 23 Class Members' entitlement to monetary and non-monetary remedies necessary to address the discriminatory conduct within the FDNY.

43. Accordingly, injunctive and declaratory relief is among the predominant forms of relief sought in this case.

## H.     Requirements of Rule 23(b)(3)

44. The common issues of fact and law affecting the Rule 23 Class claims, including, but not limited to, the common issues identified in the paragraphs above, predominate over issues affecting only Plaintiff VANESSA FEELEY'S individual claims.

45.    A class action is superior to other available means for the fair and efficient adjudication of Plaintiff VANESSA FEELEY'S claims and the claims of the other Rule 23 Class Members.

46.    The cost of proving within the FDNY'S pattern and practice of pregnancy discrimination makes it impractical for the Rule 23 Class Members to pursue their claims individually.

## I.    Requirements of Rule 23(c)(4)

47.    In the alternative, the Court may grant partial or issue certification pursuant to Rule 23(c)(4). Resolving common questions of fact and law would serve to materially advance litigation for all Rule 23 Class Members.

## SUMMARY OF THE RULE 23 CLASS CLAIMS

48.    Plaintiff VANESSA FEELEY allege that this federal complaint is filed to exhaust all class-based disparate treatment, class-based disparate impact, and all other class-based claims actionable within the FDNY under federal, state, and local laws that prohibit sex discrimination (including the Pregnancy Discrimination Act of 1978) in employment, including Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*

49.    Plaintiff VANESSA FEELEY files this federal complaint on behalf of themselves and all other Rule 23 Class Members appointed[2] to the Fire Department City of New York ("FDNY") who claim that since August 15, 2007, Defendant THE CITY OF NEW YORK through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO;

---

[2] For the purposes of this litigation, includes all uniformed and non-uniformed female employees of the FDNY.

MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY and their agents have engaged in a pattern, practice and policy of failing and refusing to provide nursing mothers with reasonable accommodations such as return to work assignments, assignments conducive to their physical limitations, equipment changes or modifications, assignments to ensure their legal right to express milk during work hours is protected and a proper location to express milk.

50.     Plaintiff VANESSA FEELEY allege that through this federal complaint she and the other Rule 23 Class Members appointed to the FDNY, seek all injunctive, equitable, legal, monetary, punitive, and/or other forms of relief that are available under federal, state, and local laws that prohibit sex discrimination (including the Pregnancy Discrimination Act of 1978) in employment, including Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*

51.     Plaintiff VANESSA FEELEY allege that this federal complaint intends to toll the Statute of Limitations for she and the other Rule 23 Class Members appointed to the FDNY who may have similar claims and to piggy-back on any prior charges that other individuals have filed challenging the same practices.

52.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that Lactation, the postpartum production of milk, is a physiological process triggered by hormones. *See generally* ARTHUR C. GUYTON, TEXTBOOK OF MED. PHYSIOLOGY 1039-40 (2006) (describing physiological processes by which milk production occurs).

53.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that Lactation is a pregnancy-related medical condition, less favorable treatment of a lactating employee may raise an inference of unlawful discrimination. *EEOC v. Houston Funding II, Ltd.*,

717 F.3d 425 (5th Cir. 2013) (lactation is a related medical condition of pregnancy for purposes

of the PDA, and an adverse employment action motivated by the fact that a woman is lactating

clearly imposes upon women a burden that male employees need not suffer).

54.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that to

continue producing an adequate milk supply and to avoid painful complications associated with

delays in expressing milk,[3] a nursing mother will typically need to breastfeed or express breast

milk using a pump two or three times over the duration of an eight-hour workday.

*Breastfeeding,* U.S. DEP'T OF HEALTH & HUMAN

SERVS., https://www.womenshealth.gov/breastfeeding.

55.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that

an employee must have the same freedom to address such lactation-related needs that she and her

co-workers would have to address other similarly limiting medical conditions.

56.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that

because only women lactate, a practice that singles out lactation or breastfeeding for less

favorable treatment affects only women and therefore is facially sex-based.

57.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that it

would violate Title VII for the FDNY through its agents to freely permit employees to use break

time for personal reasons except to express breast milk.

58.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that

since August 15, 2007, under New York State Labor Law 206-c, the FDNY is required to provide

reasonable unpaid break time or permit an employee to use paid break time or meal time each

---

[3] *Overcoming Breastfeeding Problems,* U.S. NAT'L LIBRARY OF
MED., http://www.nlm.nih.gov/medlineplus/ency/article/002452.htm); *see also,* DIANE WIESSINGER, THE WOMANLY ART OF
BREASTFEEDING 385 (8th ed. 2010)

day to allow an employee to express breast milk for her nursing child for up to three years following child birth.

59.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that the FDNY is required to make reasonable efforts to provide a room or other location, near the work area, where an employee can express milk in privacy.

60.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, the FDNY through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO and DANIEL A. NIGRO and their agents have engaged in a pattern, practice and policy of failing and refusing to provide nursing mothers with reasonable accommodations such as return to work assignments, assignments conducive to their physical limitations, equipment changes or modifications, assignments to ensure their legal right to express milk during work hours is protected and a proper location to express milk.

61.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, they have had to express milk in-front of other male and female employees, pump in a female bathroom, pump in the female locker room, pump in department vehicles, pump in other department facilities, pump in their personal vehicles, pump in bathrooms throughout the neighborhood, or cease to pump.

62.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since March 23, 2010, under the Patient Protection and Affordable Care Act (P.L. 111-148, known as the "Affordable Care Act") amended section 7 of the Fair Labor Standards Act ("FLSA"), the FDNY is required to provide "reasonable break time for an employee to express

breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk."

63.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since March 23, 2010, under the Affordable Care Act, the FDNY is required to provide "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk." *See* 29 U.S.C. 207(r).

64.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since March 23, 2010, under the Affordable Care Act, the FLSA requirement of break time for nursing mothers to express breast milk does not preempt State Laws that provide greater protections to employees (for example, providing compensated break time, providing break time for exempt employees, or providing break time beyond 1 year after the child's birth).

65.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that on or about October 2, 2013, Defendant THE CITY OF NEW YORK enacted Local Law 78, the Pregnant Workers Fairness Act, to affirmatively require employers to reasonably accommodate "the needs of an employee for her pregnancy, childbirth, or related medical condition," without necessitating that the employee's limitation qualifies as a disability to be protected.

66.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that under the Pregnant Workers Fairness Act of 2014, employees may request accommodations based on pregnancy, childbirth, or related medical condition even if their medical condition does not amount to a disability.

67.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that under the Pregnant Workers Fairness Act of 2014, places limitations upon the FDNY'S ability to

limit the amount of time for nursing mothers to express milk unless they can establish the time needed presents an undue hardship.

68.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that under the Pregnant Workers Fairness Act of 2014, the FDNY must provide a clean and private area, other than a bathroom, and must provide a refrigerator to store breast milk in the workplace.

69.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that under the Pregnant Workers Fairness Act of 2014, it requires that the FDNY permit nursing mothers to "express milk at their usual work station … so long as it does not create an undue hardship for the FDNY, regardless of whether a coworker, [supervisor, manager or executive expresses discomfort.]"

70.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that on or about November 18, 2018, Local Law No.: 185, amended the New York City Administrative Code § 8-107, requiring the FDNY to provide: (1) a lactation room in reasonable proximity to such employee's work area; and (2) a refrigerator suitable for breast milk storage in reasonable proximity to such employee's work area.

71.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that on or about November 18, 2018, Local Law No.: 186, amended the New York City Administrative Code § 8-107, requiring the FDNY to develop and implement a written policy regarding the provision of a lactation room, which shall be distributed to all employees upon hiring. The policy shall include a statement that employees have a right to request a lactation room, and identify a process by which employees may request a lactation room.

72.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, the FDNY through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO and DANIEL A. NIGRO and their agents failed to protect nursing mothers' permanent work assignments upon return from maternity leave.

73.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege since August 15, 2007, nursing mothers choose to take extended leaves of absence without pay to protect their legal right to express milk because the FDNY through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO and DANIEL A. NIGRO and their agents does not accommodate them negatively impacting their career opportunities and pension rights.

74.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege since August 15, 2007, the FDNY through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO and DANIEL A. NIGRO and their agents failed to accommodate nursing mothers with work assignments conducive to ensure their physical and mental ability to care for themselves and their children.

75.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, the FDNY through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY

15

CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE

CASSANO and DANIEL A. NIGRO and their agents failed to ensure nursing mothers are active

partners during the interactive process to accommodate their requests.

76.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that

since August 15, 2007, the FDNY through its agents Defendants' MICHAEL RUBENS

BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY

CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE

CASSANO and DANIEL A. NIGRO and their agents failed to ensure the workplace is free of

hostilities, ridicule and shame from coworkers, supervisors, managers and/or executives

regarding the rights of nursing mothers.

77.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that

since August 15, 2007, the FDNY through its agents Defendants' MICHAEL RUBENS

BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY

CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE

CASSANO and DANIEL A. NIGRO and their agents failed to ensure the workplace is free of

retaliatory actions such as punishment posts, changed assignments upon return from maternity

leave, changes of assignments, meals denials, etc., thus ensuring the employee's inability to

express milk during work hours, etc., from coworkers, supervisors, managers and executives

regarding the rights of nursing mothers.

78.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that

since August 15, 2007, the FDNY through its agents Defendants' MICHAEL RUBENS

BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY

CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE

CASSANO and DANIEL A. NIGRO and their agents assigned to the FDNY Office of Equal
Employment Opportunity fails to investigate allegations of pregnancy discrimination in the
workplace.

79.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that
since August 15, 2007, the FDNY through its agents Defendants' MICHAEL RUBENS
BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY
CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE
CASSANO and DANIEL A. NIGRO and their agents assigned to the FDNY Bureau of
Investigation and Trials (BITS) fails to investigate allegations of retaliation for opposing
pregnancy discrimination in the workplace.

80.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that
since August 15, 2007, the FDNY through its agents Defendants' MICHAEL RUBENS
BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY
CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE
CASSANO and DANIEL A. NIGRO and their agents assigned to the FDNY Personnel Bureau
failed to ensure compliance with federal, state and local laws regarding the rights of nursing
mothers rights in the workplace.

81.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that
since August 15, 2007, the FDNY through its agents Defendants' MICHAEL RUBENS
BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY
CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE
CASSANO and DANIEL A. NIGRO and their agents assigned to the FDNY Legal Bureau failed

to ensure compliance with federal, state and local laws regarding the rights of nursing mothers rights in the workplace.

82.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, the FDNY through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO and DANIEL A. NIGRO and their agents are not in compliance with federal, state and local laws that protects nursing mothers legal rights in the workplace.

## **THE PARTIES**

83.     Plaintiff VANESSA FEELEY lives in Dutchess County, New York.

## **DEFENDANTS'**

84.     Defendant THE CITY OF NEW YORK as a municipal employer. Although Defendant THE CITY OF NEW YORK is the employer, for the purposes of this litigation, Plaintiff VANESSA FEELEY and the other Rule 23 Class Members at times will make reference to their assigned agency which is the FDNY.

85.     Defendant MICHAEL RUBENS BLOOMBERG, as Former Mayor of the City of New York.

86.     Defendant BILL de BLASIO, as Mayor of the City of New York.

87.     Defendant MARTHA H. HIRST, as Former Commissioner – Department of Citywide Administrative Services.

88.     Defendant EDNA WELLS HANDY, as Former Commissioner – Department of Citywide Administrative Services.

89.     Defendant STACEY CUMBERBATCH, as Former Commissioner – Department of Citywide Administrative Services.

90.     Defendant LISETTE CAMILO, as Commissioner – Department of Citywide Administrative Services.

91.     Defendant NICHOLAS SCOPPETTA, as Former Commissioner – Fire Department City of New York.

92.     Defendant SALVATORE CASSANO, as Former Commissioner – Fire Department City of New York.

93.     Defendant DANIEL A. NIGRO, as Commissioner – Fire Department City of New York.

94.     Defendant MARK ARONBERG, as Assistant Commissioner, Fleet Services Division, Fire Department City of New York.

95.     Defendant ANDY DIAMOND, as Executive Director, Fleet Services Division, Fire Department City of New York.

96.     Defendant LOUIS MORBELLI, as Director, Fleet Services Division, Fire Department City of New York.

97.     Defendant HUGH MCALLISTER, as Deputy Director, Fleet Services Division, Fire Department City of New York.

98.     Defendant PATRICK MURPHY, as Supervisor, Fleet Services Division, Fire Department City of New York.

**PREGNANCY DISCRIMINATION ACT[4]**

    **PDA Coverage**

---

[4] Also, the same or similar analysis applies under New York State Executive Law § 296 and Pregnant Workers Fairness Act (PWFA).

99.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that the Pregnancy Discrimination Act (PDA) is an amendment to Title VII of the Civil Rights Act of 1964.

100.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that under the PDA, discrimination based on pregnancy, childbirth, or related medical conditions constitutes unlawful sex discrimination in violation of Title VII.

101.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that under the PDA, women affected by pregnancy or related conditions must be treated in the same manner as other applicants or employees who are similar in their ability or inability to work.

**Discrimination Based on Lactation and Breastfeeding**

102.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that Lactation, the postpartum production of milk, is a physiological process triggered by hormones. *See generally* ARTHUR C. GUYTON, TEXTBOOK OF MED. PHYSIOLOGY 1039-40 (2006) (describing physiological processes by which milk production occurs).

103.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that Lactation is a pregnancy-related medical condition, less favorable treatment of a lactating employee may raise an inference of unlawful discrimination. *EEOC v. Houston Funding II, Ltd.*, 717 F.3d 425 (5th Cir. 2013) (lactation is a related medical condition of pregnancy for purposes of the PDA, and an adverse employment action motivated by the fact that a woman is lactating clearly imposes upon women a burden that male employees need not suffer).

104.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that to continue producing an adequate milk supply and to avoid painful complications associated with

20

delays in expressing milk,[5] a nursing mother will typically need to breastfeed or express breast

milk using a pump two or three times over the duration of an eight-hour workday.

*Breastfeeding,* U.S. DEP'T OF HEALTH & HUMAN

SERVS., https://www.womenshealth.gov/breastfeeding.

107. Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that

an employee must have the same freedom to address such lactation-related needs that she and her

co-workers would have to address other similarly limiting medical conditions.

106. Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that

because only women lactate, a practice that singles out lactation or breastfeeding for less

favorable treatment affects only women and therefore is facially sex-based.

107. Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that it

would violate Title VII for Defendant THE CITY OF NEW YORK through its agents

Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST;

EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS

SCOPPETTA; SALVATORE CASSANO and DANIEL A. NIGRO and their agents to freely

permit employees to use break time for personal reasons except to express breast milk.

**EVALUATING PDA-COVERED FDNY EMPLOYMENT DECISIONS[6]**

**Disparate Treatment**

108. Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that

since August 15, 2007, the FDNY through its agents Defendants' MICHAEL RUBENS

BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY

---

[5] *Overcoming Breastfeeding Problems,* U.S. NAT'L LIBRARY OF
MED., http://www.nlm.nih.gov/medlineplus/ency/article/002452.htm); *see also,* DIANE WIESSINGER, THE WOMANLY ART OF
BREASTFEEDING 385 (8th ed. 2010)
[6] Also, the same or similar analysis applies under New York State Executive Law § 296 and Pregnant Workers
Fairness Act (PWFA).

CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE

CASSANO and DANIEL A. NIGRO and their agents have engaged in a pattern, practice and

policy of failing and refusing to provide nursing mothers with reasonable accommodations such as

return to work assignments, assignments conducive to their physical limitations, equipment changes

or modifications, assignments to ensure their legal right to express milk during work hours is

protected and a proper location to express milk.

109.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that

since August 15, 2007, the FDNY as an employer is required but, does not inform nursing mothers

of their legal rights such as their right to take unpaid leave for pumping breast milk by placing a

public poster in the workplace, promulgate a policy within the FDNY or notifying the individual

female employees in writing.

110.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that

since August 15, 2007, the FDNY as an employer, is required but does not inform nursing mothers

that they may take break time to pump breast milk at work for up to three years following the birth

of her child.

111.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that

since August 15, 2007, the FDNY as an employer, is required but does not inform nursing mothers

they are entitled to at least 20 minutes for each break.

112.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that

since August 15, 2007, the FDNY as an employer, is required but does not inform nursing mothers

that they may take shorter breaks if they chose.

113.   Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, the FDNY as an employer, is required but does not inform nursing mothers that they must be allowed more time if they need it.

114.   Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, the FDNY as an employer, is required but does not allow nursing mothers to take breaks at least once every three hours to pump breast milk.

115.   Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, the FDNY as an employer, is required but does not inform nursing mothers that they may take these breaks right before or after their regularly scheduled paid break or meal periods.

116.   Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, the FDNY as an employer, is required but does not inform nursing mothers that if they take breaks to pump breast milk, it cannot deduct that time from her regular paid break or meal time.

117.   Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, the FDNY as an employer, is required but does not inform nursing mothers they are entitled to work before or after their normal shifts to make up for the break time they take to pump breast milk, as long as that time falls within the employer's normal work hours.

118.   Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, the FDNY as an employer, is required but does not inform nursing mothers they have the option of using their regular paid break or meal time to pump breast milk, but they are not required to do so.

119.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, the FDNY as an employer, is required but does not inform nursing mothers it is required to provide employees with a private room or other location close to the employee's work area where they can pump breast milk, *unless* it would be extremely difficult for it to do so.

120.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, the FDNY as an employer, is required but does not inform nursing mothers if it cannot provide a dedicated lactation room, a temporarily vacant room may be used instead.

121.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, the FDNY as an employer, is required but does not inform nursing mothers as a last resort, a cubicle can be used, but it must be fully enclosed with walls at least seven feet tall.

122.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, the FDNY as an employer, is required but does not inform nursing mothers the room or location provided by an employer to pump breast milk cannot be a restroom or toilet stall.

123.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, the FDNY as an employer, is required but does not inform nursing mothers that the place where employees pump breast milk must contain a chair and small table or other flat surface.

124.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, the FDNY as an employer, is required but does not inform nursing mothers that New York State Department of Labor encourages employers to provide, in addition, an electrical outlet, clean water supply, and access to a refrigerator where nursing mothers can store pumped milk.

24

125.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, the FDNY as an employer, is required but does not inform nursing mothers that the room or place provided by the employer cannot be open to other employees, customers, or members of the public while an employee is pumping breast milk.

126.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, the FDNY as an employer, is required but does not inform nursing mothers it should have a door with a functional lock, or in the case of a cubicle, a sign warning the location is in use and not accessible to others.

127.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, the FDNY as an employer, is required but does not inform nursing mothers that employers may not discriminate or retaliate in any way against any employee who chooses to pump breast milk in the workplace or who files a complaint with the New York State Department of Labor.

128.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, the FDNY as an employer, is required but does not inform nursing mothers that any party may file a confidential complaint with the United States Equal Employment Opportunity Commission, United States Department of Labor and/or the New York State Department of Labor's Division of Labor Standards, New York State Division of Human Rights or New York City Commission on Human Rights alleging non-compliance with the law.

129.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since March 23, 2010, under the Patient Protection and Affordable Care Act (P.L. 111-148, known as the "Affordable Care Act") amended section 7 of the Fair Labor Standards Act ("FLSA"), the FDNY is required to provide "reasonable break time for an employee to express

25

breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk."

130.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since March 23, 2010, under the Affordable Care Act, the FDNY is required to provide "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk." *See* 29 U.S.C. 207(r).

131.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since March 23, 2010, under the Affordable Care Act, the FLSA requirement of break time for nursing mothers to express breast milk does not preempt State Laws that provide greater protections to employees (for example, providing compensated break time, providing break time for exempt employees, or providing break time beyond 1 year after the child's birth).

132.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, Defendant THE CITY OF NEW YORK through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO and DANIEL A. NIGRO and their agents have failed to promulgate a written policy and distribute it department-wide through the FDNY Intranet titled: Leave to Express Milk.

133.    Plaintiff VANESSA FEELY alleges that since August 15, 2007, Defendant THE CITY OF NEW YORK through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE

CASSANO; and DANIEL A. NIGRO and their agents instead have implemented an unwritten policy department-wide addressing a nursing mother's right to express milk.

134.    Plaintiff VANESSA FEELEY alleges that employer policies that do not facially discriminate based on pregnancy may nonetheless violate this provision of the PDA where they impose significant burdens on pregnant employees that cannot be supported by a sufficiently strong justification. *See* <u>Young v. United Parcel Serv., Inc.</u>, --- U.S. ---, 135 S.Ct. 1338, 1354-55 (2015).

135.    Plaintiff VANESSA FEELEY alleges that Defendant THE CITY OF NEW YORK through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; and DANIEL A. NIGRO requires "all employees are eligible to request an accommodation for time and a private space to express breast milk."

136.    Plaintiff VANESSA FEELEY alleges that Defendant THE CITY OF NEW YORK through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; and DANIEL A. NIGRO DO NOT require male and female employees who are not nursing mothers to 'formally' request an 'accommodation' to take personals while on job time.

137.    Plaintiff VANESSA FEELEY alleges that Defendant THE CITY OF NEW YORK through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; and DANIEL A. NIGRO

DO NOT require male and female employees who are not nursing mothers to account for the 'necessity' to take a 'personal' while on job time.

138.    Plaintiff VANESSA FEELEY alleges that since August 15, 2007, Defendant THE CITY OF NEW YORK through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; and DANIEL A. NIGRO and their agents are not in compliance under federal, state and local laws that protects nursing mothers with reasonable break times and a proper location to express milk.

**Hostile Work Environment**

139.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that under the PDA, an employer must provide a work environment free of harassment based on pregnancy, childbirth, or related medical conditions.

140.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that an employer's failure to do so violates the statute.

141.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that liability can result from the conduct of a supervisor, coworkers, or non-employees such as customers or business partners over whom the employer has some control.[7]

142.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that as nursing mothers reasonable accommodations they are routinely denied favorable return to work assignments, assignments conducive to their physical limitations, equipment changes or

---

[7] For more detailed guidance on what constitutes unlawful harassment and when employers can be held liable for unlawful harassment, *see* EEOC Enforcement Guidance: *Vicarious Employer Liability for Unlawful Harassment by Supervisors* (June 18, 1999), *available at* http://www.eeoc.gov/policy/docs/harassment.html; *Enforcement Guidance on Harris v. Forklift Sys., Inc.* (Mar, 8, 1994), *available at* http://www.eeoc.gov/policy/docs/harris.html; EEOC *Policy Guidance on Current Issues of Sexual Harassment* (Mar. 19,1990), *available at* http://www.eeoc.gov/policy/docs/currentissues.html; 29 C.F.R. § 1604.11.

modifications, assignments to ensure their legal right to express milk during work hours is protected and a proper location to express milk.

143.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that as nursing mothers their coworkers, supervisors, managers and/or executives subjected them to jeers, sarcastic comments, ostracization, ridicule, extra supervision, extra burdens to document and prove their personal breaks, etc.

144.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that their coworkers, supervisors, managers and/or executives subjected them to this harassment because of their statuses as nursing mothers.

145.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that the harassment caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions.

**Retaliation**

146.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that since August 15, 2007, the FDNY through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; and DANIEL A. NIGRO and their agents (coworkers, supervisors, managers and/or executives) assigned or caused assignments of nursing mothers to punishment assignments, meals denials, etc., designed to quiet them, resign and/or frustrate their ability to enforce their legal rights in the workplace.

**INDIVIDUAL CLAIMS**

**Plaintiff VANESSA FEELEY**

147.    Plaintiff VANESSA FEELEY alleges that on or about September 8, 2013, she was hired by Defendant THE CITY OF NEW YORK and assigned to the Fire Department City of New York Fleet Services Division as an Auto Service Worker.

148.    Plaintiff VANESSA FEELEY alleges that prior to her assignment, she was certified to troubleshoot and repair passenger vehicles and trucks manufactured by the Ford Motor Company.

149.    Plaintiff VANESSA FEELEY alleges that Defendant THE CITY OF NEW YORK claimed through the Fire Department City of New York Fleet Services Division, she was unable to qualify as an Auto Mechanic because she did not possess the requisite training, education and experience.

150.    Plaintiff VANESSA FEELEY alleges that after several years of troubleshooting and repairing ambulances for the Fire Department City of New York Fleet Services Division, in or around Spring 2016, she received a provisional appointment to the position of Auto Mechanic.

151.    Plaintiff VANESSA FEELEY alleges that since September 8, 2013, she is treated less favorably than her male co-workers.

152.    Plaintiff VANESSA FEELEY alleges that since September 8, 2013, she is the only female mechanic troubleshooting and repairing ambulances, pumpers, other vehicles and associated equipment for the Fire Department City of New York Fleet Services Division.

153.    Plaintiff VANESSA FEELEY alleges that since September 8, 2013, often she would be isolated to troubleshoot and repair ambulances on her own although the job specification required two persons to safely perform the assignment.

154.    Plaintiff VANESSA FEELEY alleges that after several years of troubleshooting and repairing ambulances, pumpers, other vehicles and associated equipment for the Fire

Department City of New York Fleet Services Division, on or about October 29, 2017, she received a civil service appointment to the position of Auto Mechanic.

155.    Plaintiff VANESSA FEELEY alleges that in or around Early 2018, while pregnant, she requested Defendant THE CITY OF NEW YORK through MARK ARONBERG to explain the policy about requesting maternity leave.

156.    Plaintiff VANESSA FEELEY alleges that Defendant THE CITY OF NEW YORK through MARK ARONBERG told her that there was no policy regarding maternity leave.

157.    Plaintiff VANESSA FEELEY alleges that unsatisfied with such an answer, she called Human Resources and had a conversation with Ms. Deborah Poe.

158.    Plaintiff VANESSA FEELEY alleges that Ms. Poe confirmed there was no policy regarding maternity leave.

159.    Plaintiff VANESSA FEELEY alleges that a review of the Fire Department City of New York's Employee Manual and Intranet confirmed there was no policy regarding maternity leave.

160.    Plaintiff VANESSA FEELEY alleges that on or about April 27, 2018, she went on maternity leave using the Family Medical Leave Act (FMLA) because they have no maternity leave policy.

161.    Plaintiff VANESSA FEELEY alleges that on or about July 23, 2018, she returned to the Fleet Services Division as an Auto Mechanic.

162.    Plaintiff VANESSA FEELEY alleges that while assigned to the Fleet Services Division, since July 23, 2018, Defendant  THE CITY OF NEW YORK through its agents BILL de BLASIO; LISETTE CAMILO; DANIEL A. NIGRO; MARK ARONBERG; ANDY

DIAMOND; HUGH MCALLISTER and PATRICK MURPHY have failed and refused to provide her and other similarly situated female employees who are nursing mothers with a proper location to express milk she has experienced severe engorgement, Mastitis, Emotional Distress and cessation of her milk supply.

163.    Plaintiff VANESSA FEELEY alleges that while assigned to the Fleet Services Division since July 23, 2018, Defendant  THE CITY OF NEW YORK through its agents Defendants' BILL de BLASIO; LISETTE CAMILO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY has failed and refused to provide her and other similarly situated female employees who are nursing mothers with a proper location to express milk.

164.    Plaintiff VANESSA FEELEY alleges that while assigned to the Fleet Services Division since July 23, 2018, Defendant THE CITY OF NEW YORK through its agents Defendants' BILL de BLASIO; LISETTE CAMILO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY has failed and refused to provide her and other similarly situated female employees who are nursing mothers with a proper location to express milk she has to pump in a female bathroom.

165.    Plaintiff VANESSA FEELEY alleges that while assigned to the Fleet Services Division since July 23, 2018, Defendant THE CITY OF NEW YORK through its agents Defendants' BILL de BLASIO; LISETTE CAMILO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY has failed and refused to provide her and other similarly situated female employees who are nursing mothers with a proper location to express milk she has to pump in a the female locker room.

166.    Plaintiff VANESSA FEELEY alleges that while assigned to the Fleet Services Division since July 23, 2018, Defendant THE CITY OF NEW YORK through its agents Defendants' BILL de BLASIO; LISETTE CAMILO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY has failed and refused to provide her and other similarly situated female employees who are nursing mothers with a proper location to express milk she has to express milk in other department facilities.

167.    Plaintiff VANESSA FEELEY alleges that while assigned to the Fleet Services Division since July 23, 2018, Defendant THE CITY OF NEW YORK through its agents Defendants' BILL de BLASIO; LISETTE CAMILO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY has failed and refused to provide her and other similarly situated female employees who are nursing mothers with a proper location to express milk she has to store the expressed milk in an office refrigerator.

168.    Plaintiff VANESSA FEELEY alleges that while assigned to the Fleet Services Division since July 23, 2018, Defendant THE CITY OF NEW YORK through its agents Defendants' DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY often isolated her to troubleshoot and repair ambulances, pumpers, other vehicles and associated equipment on her own although the job specification required two persons to safely perform the assignment.

169.    Plaintiff VANESSA FEELEY alleges that while assigned to the Fleet Services Division since July 23, 2018, Defendant THE CITY OF NEW YORK through its agents Defendants' DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS

MORBELLI; HUGH MCALLISTER and PATRICK MURPHY then constantly monitored her

for completion, meanwhile her male co-workers are not treated in such manner.

170.   Plaintiff VANESSA FEELEY alleges that while assigned to the Fleet Services

Division since July 23, 2018, Defendant THE CITY OF NEW YORK through its agents

Defendants' DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS

MORBELLI; HUGH MCALLISTER and PATRICK MURPHY would pressure her to work

overtime, meanwhile her male co-workers are not treated in such manner.

171.   Plaintiff VANESSA FEELEY alleges that while assigned to the Fleet Services

Division since July 23, 2018, Defendant THE CITY OF NEW YORK through its agents

Defendants' DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS

MORBELLI; HUGH MCALLISTER and PATRICK MURPHY whenever she rejected overtime

due to childcare responsibilities, PATRICK MURPHY would reply "Why can't you put that

(breast milk) in a bottle and send it home with your husband?"

172.   Plaintiff VANESSA FEELEY alleges that while assigned to the Fleet Services

Division since July 23, 2018, Defendant THE CITY OF NEW YORK through its agents

Defendants' DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS

MORBELLI; HUGH MCALLISTER and PATRICK MURPHY whenever she requested an

accommodation to express milk, PATRICK MURPHY would reply "You can't do that anytime

you want?"

173.   Plaintiff VANESSA FEELEY alleges that while assigned to the Fleet Services

Division since July 23, 2018, Defendant THE CITY OF NEW YORK through its agents

Defendants' DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS

MORBELLI; HUGH MCALLISTER and PATRICK MURPHY often times when she needed

time off to take her minor children for physician visits, PATRICK MURPHY would comment "Why can't your husband take them to the doctor?"

174.    Plaintiff VANESSA FEELEY alleges that while assigned to the Fleet Services Division on or about September 4, 2018, while using Deputy Director of Administrative Services Victor Holdordf's unused office to express milk, Defendant MARK ARONBERG barged into the office and interrupted her.

175.    Plaintiff VANESSA FEELEY alleges that Defendant MARK ARONBERG never apologized for interrupting her.

176.    Plaintiff VANESSA FEELEY alleges that while assigned to the Fleet Services Division on or about September 14, 2018, Defendant THE CITY OF NEW YORK through its agent Defendant ANDY DIAMOND told her that she had to complete a schedule for approval to express milk and must clock in an out of City Time. Meanwhile, her co-workers do not have to complete a schedule for approvals to take personal breaks or clock in and out of City Time.

177.    Plaintiff VANESSA FEELEY alleges that while assigned to the Fleet Services Division on or about September 18, 2018, Defendant THE CITY OF NEW YORK through its agent Defendant LOUIS MORBELLI told her that she had to complete a schedule for approval to express milk and must clock in an out of City Time. Meanwhile, her co-workers do not have to complete a schedule for approvals to take personal breaks or clock in and out of City Time.

178.    Plaintiff VANESSA FEELEY alleges that while assigned to the Fleet Services Division on or about October 1, 2018, Defendant THE CITY OF NEW YORK through its agent Defendant PATRICK MURPHY told her that she had to complete a schedule for approval to express milk and must clock in an out of City Time. Meanwhile, her co-workers do not have to complete a schedule for approvals to take personal breaks or clock in and out of City Time.

179.    Plaintiff VANESSA FEELEY alleges that Defendant THE CITY OF NEW YORK through its agent Defendant PATRICK MURPHY warned, "If you continue to decline to sign out of City Time, you will have an issue." Meanwhile, her co-workers do not have to complete a schedule for approvals to take personal breaks or clock in and out of City Time.

180.    Plaintiff VANESSA FEELEY alleges that from October 1, 2018, through December 14, 2018, to comply with Defendant THE CITY OF NEW YORK through its agents Defendants' DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY'S directive, often times with the breast pump apparatus still attached to her breasts, she would be forced to parade in front of her male and female co-workers as she tried to clock to out of City Time.

181.    Plaintiff VANESSA FEELEY alleges that when she was unable to do so, she had to find a computer to clock in and out. Meanwhile, her co-workers do not have to complete a schedule for approvals to take personal breaks or clock in and out of City Time.

182.    Plaintiff VANESSA FEELEY alleges that while assigned to the Fleet Services Division on or about November 7, 2018, Defendant THE CITY OF NEW YORK through its agents Defendants' DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY ordered her to troubleshoot and repair soon to be condemned FSP03045.

183.    Plaintiff VANESSA FEELEY alleges that FSP03045, was scheduled for condemnation since 2015, and Defendant THE CITY OF NEW YORK through its agents Defendants' DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY ordered her to troubleshoot and repair the truck as a form of harassment.

184.    Plaintiff VANESSA FEELEY alleges that from on or about November 7, 2018, through November 15, 2018, Defendant THE CITY OF NEW YORK through its agents Defendants' DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY ordered her to troubleshoot and repair condemned FSP03045 as a form of harassment.

185.    Plaintiff VANESSA FEELEY alleges that whenever her male co-workers tried to assist her Defendant THE CITY OF NEW YORK through its agents Defendants' DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY reassigned them to ensure she alone would troubleshoot and repair condemned FSP03045 as a form of harassment.

186.    Plaintiff VANESSA FEELEY alleges that while assigned to the Fleet Services Division on or about November 15, 2018, Defendant THE CITY OF NEW YORK through its agents Defendants' DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY ordered her to troubleshoot and repair FKP15005 as a form of harassment.

187.    Plaintiff VANESSA FEELEY alleges that whenever her male co-workers tried to assist her Defendant THE CITY OF NEW YORK through its agents Defendants' DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY reassigned them to ensure she alone would troubleshoot and repair condemned FKP15005 as a form of harassment.

188.    Plaintiff VANESSA FEELEY alleges that while assigned to the Fleet Services Division on or about December 14, 2018, the day she was approved for a long-term child-care leave of absence, Defendant THE CITY OF NEW YORK through its agents Defendants'

DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH

MCALLISTER and PATRICK MURPHY presented her with a Performance Evaluation.

189.   Plaintiff VANESSA FEELEY alleges that Defendant THE CITY OF NEW

YORK through its agents Defendants' DANIEL A. NIGRO; MARK ARONBERG; ANDY

DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY claimed

she is rated below standards because she "works too slowly" and "fails to meet department

standards."

190.   Plaintiff VANESSA FEELEY alleges that Defendant THE CITY OF NEW

YORK through its agents Defendants' DANIEL A. NIGRO; MARK ARONBERG; ANDY

DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY constantly

monitored her, gave her difficult assignments and rated her below standards because she

complained about her treatment in the workplace and for failing to accommodate her legal right

as a nursing mother to express milk.

191.   Plaintiff VANESSA FEELEY alleges that throughout the aforementioned time

period, Defendants' DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS

MORBELLI; HUGH MCALLISTER and PATRICK MURPHY failed and refused to provide her

with reasonable accommodations such as assignments conducive to her physical limitations,

equipment changes or modifications, assignments to ensure her legal right to express milk during

work hours is protected and a proper location to express milk.

192.   Plaintiff VANESSA FEELEY alleges that on or about October 26, 2019, while

out on long-term child-care leave of absence, she resigned.

**VIOLATIONS AND CLAIMS ALLEGED**

**COUNT I**
**PREGNANCY DISCRIMINATION**
**IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

193.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members re-alleges Paragraphs 1 through 192 and incorporates them by reference as Paragraphs 1 through 192 of Count I of this Complaint.

194.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that Defendant THE CITY OF NEW YORK through its agents engaged in a pattern and practice of pregnancy discrimination against them with respect to the terms, conditions and privileges of employment because of their gender.

195.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that Defendant THE CITY OF NEW YORK knew or should have known about pregnancy discrimination in the workplace because of their prior history of discriminatory conduct.

196.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that the discriminatory acts of Defendant THE CITY OF NEW YORK caused them to suffer depression and anxiety.

197.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that Defendant THE CITY OF NEW YORK acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, from in or around August 15, 2007, to this day.

198.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that the acts of Defendant THE CITY OF NEW YORK under color of law caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their

personal and professional reputation.

## COUNT II
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

199.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members re-alleges Paragraphs 1 through 198 and incorporates them by reference as Paragraphs 1 through 198 of Count II of this Complaint.

200.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that Defendant THE CITY OF NEW YORK through its agents engaged in various cruel and hostile actions towards them with respect to the terms, conditions and privileges of employment because of their gender.

201.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that the cruel and hostile acts of Defendant THE CITY OF NEW YORK through its agents under color of law caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

## COUNT III
## RETALIATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

202.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members re-alleges Paragraphs 1 through 201 and incorporates them by reference as Paragraphs 1 through 201 of Count III of this Complaint.

203.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that Defendant THE CITY OF NEW YORK through its agents engaged in various retaliatory actions

against them for opposing pregnancy discrimination and filing such complaints with its agents,

the FDNY Office of Equal Employment Opportunity and the EEOC.

204.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that

as a result of the illegal acts of Defendant THE CITY OF NEW YORK through its agents under

color of law caused them to experience severe engorgement, Mastitis, emotional distress,

postpartum depressions, cessation of their milk supply and other related medical conditions,

incur significant legal costs, damage to their personal and professional reputation.

**COUNT IV**
**PREGNANCY DISCRIMINATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

205.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members re-alleges Paragraphs 1

through 204 and them by reference as Paragraphs 1 through 204 of Count IV of this Complaint.

Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that

Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST;

EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS

SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY

DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY

intentionally engaged in an outrageous and systematic pattern of pregnancy discrimination,

oppression, bad faith and cover-up, directed at them from in or around August 15, 2007, to this

day.

206.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that

Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST;

EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS

SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY

41

DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY acting

individually and in their official capacities as a public officials of Defendant THE CITY OF

NEW YORK under color of law, and having been fully advised that they are being deprived of

their constitutional rights, either acted in a concerted, malicious intentional pattern to further

discriminate against them, or knowing such pregnancy discrimination was taking place,

knowingly omitted to act to protect them.

207.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that

Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST;

EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS

SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY

DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY under

color of law caused them to experience severe engorgement, Mastitis, emotional distress,

postpartum depressions, cessation of their milk supply and other related medical conditions,

incur significant legal costs, damage to their personal and professional reputation.

**COUNT V**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

208.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members re-alleges

Paragraphs 1 through 207 and incorporates them by reference as Paragraphs 1 through 207 of

Count V of this Complaint.

209.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that

Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST;

EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS

SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY

DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY intentionally engaged in an outrageous and systematic pattern of pregnancy discrimination, hostility, oppression, bad faith and cover-up, directed at them with respect to the terms, conditions and privileges of employment because of their gender.

210.   Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY acting individually and in their official capacities as a public officials of Defendant THE CITY OF NEW YORK under color of law, and having been fully advised that they are being deprived of their constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against them, or knowing such pregnancy discrimination was taking place, knowingly omitted to act to protect them.

211.   Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY under color of law caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

**COUNT VI**
**RETALIATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

212.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members re-alleges Paragraphs 1 through 211 and incorporates them by reference as Paragraphs 1 through 211 of Count VI of this Complaint.

213.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY intentionally engaged in an outrageous and systematic pattern of pregnancy  discrimination, hostility, oppression, bad faith and cover-up, directed at them from in or around August 15, 2007, to this day.

214.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY acting individually and in their official capacities as a public officials of Defendant THE CITY OF NEW YORK under color of law, and having been fully advised that they are being deprived of their constitutional rights, either acted in a concerted, malicious intentional pattern to retaliate against them for opposing pregnancy discrimination and filing such complaints with its agents, the FDNY Office of Equal Employment Opportunity and the EEOC.

44

215.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members allege that Defendants'
MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA
WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS
SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY
DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY under
color of law caused them to experience severe engorgement, Mastitis, emotional distress,
postpartum depressions, cessation of their milk supply and other related medical conditions,
incur significant legal costs, damage to their personal and professional reputation.

**COUNT VII**
**MONELL CLAIM**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

216.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members re-alleges
Paragraphs 1 through 215 and incorporates them by reference as Paragraphs 1 through 215 of
Count VII of this Complaint.

217.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that
Defendant THE CITY OF NEW YORK through its agents caused their injuries.

218.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that
Defendant THE CITY OF NEW YORK actions of implementing 'official and un-official'
policies of supporting pregnancy discrimination and related claims under color of law.

219.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that
Defendant THE CITY OF NEW YORK through its agents deprived them of their constitutional
and statutory rights.

220.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that
Defendant THE CITY OF NEW YORK through its agents caused them to experience severe

engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

**COUNT VIII**
**PREGNANCY DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

221.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members re-alleges Paragraphs 1 through 220 and incorporates them by reference as Paragraphs 1 through 220 of Count VIII of this Complaint.

222.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

223.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY discriminated against them because of their gender.

224.     Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that as a direct and proximate result of the unlawful employment practices of Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK

46

MURPHY, they suffered the indignity of pregnancy discrimination and great humiliation.

225.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY'S violations caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

### COUNT IX
### HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW § 296

226.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members re-alleges Paragraphs 1 through 225 and incorporates them by reference as Paragraphs 1 through 225 of Count IX of this Complaint.

227.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

228.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that the law also makes it unlawful to create an atmosphere where hostilities are encouraged and/or tolerated.

229.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de

BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY engaged in various hostile actions against them based upon their gender.

230.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that as a direct and proximate result of the unlawful employment practices of Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY, they suffered the indignity of pregnancy discrimination.

231.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY'S violations caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

**COUNT X**
**RETALIATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

232.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members re-alleges Paragraphs 1 through 231 and incorporates them by reference as Paragraphs 1 through 231 of Count X of this Complaint.

233.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

234.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

235.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY engaged in various retaliatory actions against them for opposing pregnancy discrimination and filing such complaints with its agents, the FDNY Office of Equal Employment Opportunity and the EEOC.

236.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that as a direct and proximate result of the unlawful employment practices of Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK

MURPHY, they suffered the indignity of pregnancy discrimination and great humiliation.

237.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY'S violations caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

## COUNT XI
## PREGNANCY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

238.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members re-alleges Paragraphs 1 through 237 and incorporates them by reference as Paragraphs 1 through 237 of Count XI of this Complaint.

239.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

240.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH

MCALLISTER and PATRICK MURPHY discriminated against them because of their gender.

241.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that as a direct and proximate result of the unlawful employment practices of Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY, they suffered the indignity of pregnancy discrimination and great humiliation.

242.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY'S violations caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

## COUNT XII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

243.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members re-alleges Paragraphs 1 through 242 and incorporates them by reference as Paragraphs 1 through 242 of Count XII of this Complaint.

244.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that

New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

245.   Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that the law also makes it unlawful to create an atmosphere where hostilities are encouraged and/or tolerated.

246.   Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY engaged in various hostile actions against them based upon their gender.

247.   Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that as a direct and proximate result of the unlawful employment practices of Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY, they suffered the indignity of pregnancy discrimination.

248.   Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A.

NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH

MCALLISTER and PATRICK MURPHY'S violations caused them to experience severe

engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply

and other related medical conditions, incur significant legal costs, damage to their personal and

professional reputation.

**COUNT XIII**
**RETALIATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

249.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members re-alleges Paragraphs 1

through 248 and incorporates them by reference as Paragraphs 1 through 248 of Count XIII of

this Complaint.

250.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that

New York City Administrative Code § 8-107, makes it unlawful to discriminate against any

individual in the terms, conditions, or privileges of employment because of their gender.

251.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that

the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or

tolerated.

252.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that

Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de

BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH;

LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A.

NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH

MCALLISTER and PATRICK MURPHY engaged in various retaliatory actions against them for

opposing pregnancy discrimination and filing such complaints with its agents, the FDNY Office

53

of Equal Employment Opportunity and the EEOC.

253.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that as a direct and proximate result of the unlawful employment practices of Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY, they suffered the indignity of pregnancy discrimination and great humiliation.

254.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members alleges that Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY'S violations caused them to experience severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, incur significant legal costs, damage to their personal and professional reputation.

## JURY TRIAL

255.    Plaintiff VANESSA FEELEY and the other Rule 23 Class Members demands a trial by jury of all issues in this action that are so triable

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VANESSA FEELEY and the other Rule 23 Class Members pray that the Court enter an Order of Judgment in their favor and against Defendants' THE CITY

OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H.

HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO;

NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK

ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK

MURPHY, containing the following relief:

     A.     An ORDER finding that the FDNY'S policies and practices violate Title VII of

the Civil Rights Act of 1964, New York State Executive Law § 296 and New York City

Administrative Code § 8-107, and enjoining Defendants' THE CITY OF NEW YORK;

MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS

HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA;

SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND;

LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY and their agents from

further implementation and enforcement of their reasonable accommodation policies regarding

disabilities, pregnancy and expressing milk until such policies are re-written consistent with

prevailing law and final approval of the United States Department of Justice, United States Equal

Employment Opportunity Commission, New York State Division of Human Rights and the New

York City Commission on Human Rights;

     B.     An award of compensatory damages against Defendants' THE CITY OF NEW YORK;

MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS

HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA;

SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND;

LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY, jointly or severally in

an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff

VANESSA FEELEY and the other Rule 23 Class Members for all monetary and/or economic damages, including, but not limited to, severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, legal costs, damage to their personal and professional reputation and other benefits of employment;

C.     An award of punitive damages against Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY, jointly or severally in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff VANESSA FEELEY and the other Rule 23 Class Members for all monetary and/or economic damages, including, but not limited to, severe engorgement, Mastitis, emotional distress, postpartum depressions, cessation of their milk supply and other related medical conditions, legal costs, damage to their personal and professional reputation and other benefits of employment;

D.     An award of costs that Plaintiff VANESSA FEELEY and the other Rule 23 Class Members have incurred in this action, including, but not limited to, expert witness fees, 'reasonable' attorneys' fees and costs to the fullest extent permitted by law; and,

E.     Such other and further relief as the Court may deem just and proper.

Dated:  April 10, 2020
        New York, NY

                              Respectfully submitted,

By:                  
                              Eric Sanders (ES0224)

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, NY 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com