UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x
VANESSA FEELEY, on behalf of herself and a class of similarly
situated individuals

                                                                                   Plaintiffs,               20 cv 1770

      -against-

THE CITY OF NEW YORK; MICHAEL RUBENS
BLOOMBERG, as Former Mayor; BILL de BLASIO, as Mayor;
MARTHA H. HIRST, as Former Commissioner – Department
of Citywide Administrative Services; EDNA WELLS HANDY,
as Former Commissioner – Department of Citywide Administrative
Services; STACEY CUMBERBATCH, as Former Commissioner –
Department of Citywide Administrative Services; LISETTE
CAMILO, as Commissioner – Department of Citywide Administrative
Services; NICHOLAS SCOPPETTA, as Former Commissioner – Fire
Department City of New York; SALVATORE CASSANO, as Former
Commissioner - Fire Department City of New York; DANIEL A.
NIGRO, as Commissioner, Fire Department City of New York;
MARK ARONBERG, as Assistant Commissioner, Fleet Services
Division, Fire Department City of New York; ANDY DIAMOND, as
Executive Director, Fleet Services Division, Fire Department City of
New York; LOUIS MORBELLI, as Director, Fleet Services Division,
Fire Department City of New York; HUGH MCALLISTER, as Deputy
Director, Fleet Services Division, Fire Department City of New York
and PATRICK MURPHY, as Supervisor, Fleet Services Division, Fire
Department City of New York each sued individually and in their
official capacities as employees of Defendant THE CITY OF NEW
YORK

                                                                                    Defendants'
-----------------------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

                                      Eric Sanders, Esq.
                                      THE SANDERS FIRM, P.C.
                                      30 Wall Street, 8th Floor
                                      New York, NY 10005
                                      (212) 652-2782 (Business Telephone)
                                      (212) 652-2783 (Facsimile)

                                      Website: https://www.thesandersfirmpc.com

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... iii

INTRODUCTION .................................................................................................................. 1-3

ARGUMENT ......................................................................................................................... 4-14

    I.    LEGAL STANDARD FOR CLASS CERTIFICATION ................................... 4-5

    II.    THE REQUIREMENTS OF RULE 23(a) ........................................................ 5-13

        a.    Numerosity ................................................................................................. 6-7

        b.    Commonality .............................................................................................. 7-9

        c.    Typicality .................................................................................................. 9-10

        d.    Adequacy ................................................................................................ 10-12

        e.    The Implied Requirement of Ascertainability ...................................... 12-13

    III.    THE REQUIREMENTS OF RULE 23(b) ...................................................... 13-14

CONCLUSION ........................................................................................................................ 14

# TABLE OF AUTHORITIES

**Federal Cases**

*Amchem Prods., Inc. v. Windsor*,
 521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997) .......................................... 4, 11, 14

*Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co.*
 (In re Vitamin C Antitrust Litig.), 279 F.R.D. 90 (E.D.N.Y. 2012) ........................................ 12

*B & R Supermarket, Inc. v. MasterCard Int'l Inc.*,
 2018 U.S. Dist. LEXIS 42547, 2018 WL 1335355 (E.D.N.Y. Mar. 14, 2018) ........................ 4

*Belfiore v. Procter & Gamble Co.*,
 311 F.R.D. 29 (E.D.N.Y. 2015) .............................................................................................. 10

*Brecher v. Republic of Argentina*,
 806 F.3d 22 (2d Cir. 2015) ....................................................................................................... 12

*Brooklyn Ctr. for Indep. of the Disabled*
 290 F.R.D. .............................................................................................. 9, 11, 12, 13

*Brown v. Giuliani*,
 158 F.R.D. 251 (E.D.N.Y. 1994) ............................................................................................. 13

*Butto v. Collecto, Inc.*,
 290 F.R.D. 372 (E.D.N.Y. 2013) ....................................................................................... 8, 10

*Consol. Rail Corp. v. Town of Hyde Park*,
 47 F.3d 473 (2d Cir. 1995) ......................................................................................................... 6

*Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.*,
 502 F.3d 91 (2d Cir. 2007) ........................................................................................................ 11

*Cortigiano v. Oceanview Manor Home for Adults*,
 227 F.R.D. 194 (E.D.N.Y. 2005) ........................................................................................ 5, 10

*Eisen v. Carlisle and Jacquelin*,
 417 U.S. 156, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974) ........................................................... 5

*Elkind v. Revlon Consumer Prods. Corp.*,
 2017 U.S. Dist. LEXIS 24512, 2017 WL 9480894 (E.D.N.Y. Mar. 9, 2017) .......................... 8

*Gen. Tel. Co. of Sw. v. Falcon*,

457 U.S. 147, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982) ............................................................. 5

*Guadagna v. Zucker*,
332 F.R.D. 86 (E.D.N.Y. 2019) ................................................................................................ 4

*Hasemann v. Gerber Prods. Co.*,
331 F.R.D. 239 (E.D.N.Y. 2019) .............................................................................................. 5

*Hill v. City of New York*,
2019 U.S. Dist. LEXIS 71757, 2019 WL 1900503 (E.D.N.Y. Apr. 29, 2019) ........................ 6

*Hoeffner v. D'Amato*,
2019 U.S. Dist. LEXIS 55233, 2019 WL 1428367 (E.D.N.Y. Mar. 29, 2019) ....................... 9

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
330 F.R.D. 11 (E.D.N.Y. 2019) .............................................................................................. 11

*In re Petrobras Sec.*,
862 F.3d at 260 .................................................................................................................. 4, 12

*Johnson v. Nextel Commc'ns Inc.*,
780 F.3d 128 (2d Cir. 2015) ..................................................................................................... 8

*Kurtz v. Kimberly-Clark Corp.*,
321 F.R.D. 482 (E.D.N.Y. 2017) .............................................................................................. 9

*Lewis v. Alert Ambulette Serv. Corp.*,
2012 U.S. Dist. LEXIS 6269, 2012 WL 170049 (E.D.N.Y. Jan. 19, 2012) ........................... 11

*M.G. v. New York City Dep't of Educ.*,
162 F. Supp. 3d 216 (S.D.N.Y. 2016) .................................................................................... 11

*Marisol A. v. Giuliani*,
126 F.3d 372 (2d Cir. 1997) ........................................................................................ 4, 5, 12

*Morangelli v. Chemed Corp.*,
275 F.R.D. 99 (E.D.N.Y. 2011) ................................................................................................ 9

*Myers v. Hertz Corp.*,
624 F.3d 537 (2d Cir. 2010) ..................................................................................................... 4

*Newkirk v. Pierre*,
2020 U.S. Dist. LEXIS 144887, (E.D.N.Y. Aug. 11, 2020) ... 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14

*Pecere v. Empire Blue Cross & Blue Shield*,
   194 F.R.D. 66 (E.D.N.Y. 2000) .................................................................................. 6

*Raymond v. Rowland*,
   220 F.R.D. 173 (D. Conn. 2004) ............................................................................. 13

*Robidoux v. Celani*,
   987 F.2d 931 (2d Cir. 1993) ............................................................................ 6, 7, 10

*Sirota v. Solitron Devices, Inc.*,
   673 F.2d 566 (2d Cir. 1982) .................................................................................. 4, 5

*Waggoner v. Barclays PLC*,
   875 F.3d 79 (2d Cir. 2017) ......................................................................................... 5

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) ..................................... 7, 8

*Westchester Indep. Living Ctr., Inc. v. State Univ. of N.Y., Purchase Coll.*,
   331 F.R.D. 279 (S.D.N.Y. 2019) ................................................................... 9, 12, 13

## Federal Statutes

42 U.S.C. § 1983 ................................................................................................................ 2
42 U.S.C. § 2000e ............................................................................................................... 2

## State Statutes

Executive Law § 296 .......................................................................................................... 2
Labor Law § 206-c ............................................................................................................. 1

## Local Statutes

New York City Administrative Code § 8-107 .................................................................... 2

## Rules

Fed. R. Civ. P. 23 ................................................................ 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14

# **INTRODUCTION**

Stress at work is a growing problem for all workers, including women. Many job conditions contribute to stress among women. Such job conditions include heavy workload demands; little control over work; role ambiguity and conflict; job insecurity; poor relationships with coworkers and supervisors; and work that is narrow, repetitive, and monotonous. Other factors, such as sexual harassment and work and family balance issues, may also be stressors for women in the workplace. Women's Safety and Health Issues At Work | NIOSH | CDC

"Human milk is all a baby needs for the first six months of life," said Joan Younger Meek, MD, MS, RD, FAAP, FABM, IBCLC, lead author of the reports, written by the AAP Section on Breastfeeding. "Breast milk is unique in its nutrients and protective effects, and really quite remarkable when you look at what it does for a child's developing immune system. Not everyone can breastfeed or continue breastfeeding for as long as desired for various reasons, including workplace barriers. Families deserve nonjudgmental support, information and help to guide them in feeding their infant." American Academy of Pediatrics Calls for More Support for Breastfeeding Mothers Within Updated Policy Recommendations (aap.org)

Employment with Defendant THE CITY OF NEW YORK and the FDNY is supposed to be safe and secure, for nursing mothers it is neither. As set forth in Plaintiff VANESSA FEELEY'S federal complaint a nursing mother legal right to express milk in the workplace is not protected under the Patient Protection and Affordable Care Act (P.L. 111-148, known as the "Affordable Care Act") amended section 7 of the Fair Labor Standards Act ("FLSA"), New York State Department of Labor Law §206-c (206-c) or the Pregnant Workers Fairness Act of 2014 (PWFA). The emotional and financial damage to nursing mothers in the workplace is unacceptable. This Court must enjoin Defendant THE CITY OF NEW YORK and the FDNY

from continuing with its unlawful conduct as part of its' operating patterns, practices or policies of failing to protect nursing mothers in the workplace in contravention of the FLSA, 206-c and PWFA.

On April 10, 2020, Plaintiff VANESSA FEELEY on behalf of herself and a class of similarly situated individuals commenced this action against Defendants' THE CITY OF NEW YORK; MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY seeking seek all injunctive, equitable, legal, monetary, punitive, and/or other forms of relief that are available under federal, state, and local laws that prohibit sex discrimination (including the Pregnancy Discrimination Act of 1978) in employment, including Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*, the Civil Rights Act of 1871, 42 U.S.C. § 1983; New York State Executive Law § 296 and New York City Administrative Code § 8-107, as amended by the Pregnant Workers Fairness Act of 2014 (PWFA).

Plaintiff VANESSA FEELEY alleges on behalf of herself and all other *putative* Rule 23 Class Members appointed to the Fire Department City of New York ("FDNY") who claim that since August 15, 2007, Defendant THE CITY OF NEW YORK through its agents Defendants' MICHAEL RUBENS BLOOMBERG; BILL de BLASIO; MARTHA H. HIRST; EDNA WELLS HANDY; STACEY CUMBERBATCH; LISETTE CAMILO; NICHOLAS SCOPPETTA; SALVATORE CASSANO; DANIEL A. NIGRO; MARK ARONBERG; ANDY DIAMOND; LOUIS MORBELLI; HUGH MCALLISTER and PATRICK MURPHY

and their agents have engaged in a pattern, practice and policy of failing and refusing to provide nursing mothers with reasonable accommodations such as return to work assignments, assignments conducive to their physical limitations, equipment changes or modifications, assignments to ensure their legal right to express milk during work hours is protected and a proper location to express milk. ¶¶ 49, 55, 57, 58 – 60, 73 – 82, 108 – 192; *see also* Declaration of Eric Sanders in Support of Motion for Class Certification ¶¶ 2 – 63 along with the accompanying Exhibit Nos.: 1 – 19.

Plaintiff VANESSA FEELEY and the other *putative* Rule 23 Class Members allege that since August 15, 2007, they have had to express milk in-front of other male and female employees, pump in a female bathroom, pump in the female locker room, pump in department vehicles, pump in other department facilities, pump in their personal vehicles, pump in bathrooms throughout the neighborhood, or cease to pump. ¶ 61.

As set forth in the federal complaint, Plaintiff VANESSA FEELEY alleges that she and the other putative Rule 23 Class Members have suffered or will suffer violations of their legal rights as nursing mothers to express milk in the workplace in contravention of the FLSA, 206-c and the PWFA.

Accordingly, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, Plaintiff VANESSA FEELEY seek an order certifying a class defined as the Nursing Mothers Class: All female employees that have or will be employed with Defendant THE CITY OF NEW YORK and assigned to the Fire Department City of New York (FDNY) from August 15, 2007, to the date of judgment that have the need or chooses to express milk during work hours (the "Nursing Mothers Class") and appointing undersigned counsel to represent the putative Rule 23 Class.

3

# ARGUMENT

## I. LEGAL STANDARD FOR CLASS CERTIFICATION

A party seeking certification of a class must satisfy "the four prerequisites of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation." Newkirk v. Pierre, 2020 U.S. Dist. LEXIS 1448871, 14, (E.D.N.Y. Aug. 11, 2020); *see also* Marisol A. v. Giuliani, 126 F.3d 372, 375 (2d Cir. 1997). The Court must also find that one of the three sets of criteria set forth in Rule 23(b) has been met. See Marisol A., 126 F.39 376; Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997).

Here, Plaintiff VANESSA FEELEY seek to certify a class under Rule 23(b)(2), which permits class certification if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Finally, in addition to these explicit requirements, the Second Circuit has imposed an "implied requirement of ascertainability." Newkirk, 2020 U.S. Dist. LEXIS 144887 at 15; *see also* B & R Supermarket, Inc. v. MasterCard Int'l Inc., 2018 U.S. Dist. LEXIS 42547, 2018 WL 1335355, at 7 (E.D.N.Y. Mar. 14, 2018) (citing In re Petrobras Sec., 862 F.3d 250, 266 (2d Cir. 2017)).

Plaintiff VANNESSA FEELEY bear the burden of establishing each of these prerequisites to certification by a preponderance of the evidence. Newkirk, 2020 U.S. Dist. LEXIS 144887 at 15; *see also* Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010). In deciding whether plaintiff have met their burden, "the Court may examine not only the pleadings but also the evidentiary record, including any affidavits and results of discovery." Newkirk, 2020 U.S. Dist. LEXIS 144887 at 15; *see also* Guadagna v. Zucker, 332 F.R.D. 86, 91 (E.D.N.Y. 2019); Sirota v. Solitron Devices, Inc., 673 F.2d 566, 571 (2d Cir. 1982). Moreover, it is proper for a district court to

4

accept allegations in the complaint as true for a class certification motion, Newkirk, 2020 U.S. Dist. LEXIS 144887 at 15; *see also* Waggoner v. Barclays PLC, 875 F.3d 79, 85 n.5 (2d Cir. 2017), and to refrain from conducting "a preliminary inquiry into the merits" of the case, Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 177, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974). Indeed, plaintiff seeking class certification is not required to establish the merits of their underlying substantive claims: "a class plaintiff who otherwise meets the demands of 23(a) and (b) should not be found to be disqualified solely by an advance determination that h[er] claim[s] [are] predictably not winning claim[s]." Newkirk, 2020 U.S. Dist. LEXIS 144887 at 16; *see also* Sirota, 673 F.2d at 571 (internal quotation marks and citation omitted).

The Court's analysis of whether the relevant requirements of Rule 23 have been met must be "rigorous." Newkirk, 2020 U.S. Dist. LEXIS 144887, 16; Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982). Nevertheless, the Second Circuit has emphasized that Rule 23 should be given a "liberal rather than restrictive construction." Newkirk, 2020 U.S. Dist. LEXIS 144887, 16; Marisol A., 126 F.3d at 377 (internal quotation marks and citation omitted). "[T]o deny a class action simply because all of the allegations of the class do not fit together like pieces in a jigsaw puzzle would destroy much of the utility of Rule 23." Newkirk, 2020 U.S. Dist. LEXIS 144887, 16; *see also* Cortigiano v. Oceanview Manor Home for Adults, 227 F.R.D. 194, 203 (E.D.N.Y. 2005) (internal quotation marks and citation omitted). "Therefore, it seems beyond peradventure that the Second Circuit's general preference is for granting rather than denying class certification." Newkirk, 2020 U.S. Dist. LEXIS 144887, 16. (internal quotation marks and citation omitted); *see also* Hasemann v. Gerber Prods. Co., 331 F.R.D. 239, 254 (E.D.N.Y. 2019).

**II.     THE REQUIREMENTS OF RULE 23(a)**

5

Rule 23(a) sets out four prerequisites for certifying a class action:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Newkirk, 2020 U.S. Dist. LEXIS 144887, 17.; Fed. R. Civ. P. 23(a).

a. Numerosity

In the Second Circuit, "numerosity is presumed at a level of 40 members." Newkirk, 2020 U.S. Dist. LEXIS 144887 at 17; *see also* Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995). "Courts have not required evidence of exact class size or identity of class members to satisfy the numerosity requirement," Newkirk, 2020 U.S. Dist. LEXIS 144887 at 17; *see also* Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993), as "it is permissible for . . . court[s] to rely on reasonable inferences drawn from available facts," Newkirk, 2020 U.S. Dist. LEXIS 144887 at 17; *see also* Hill v. City of New York, 2019 U.S. Dist. LEXIS 71757, 2019 WL 1900503, at *5 (E.D.N.Y. Apr. 29, 2019) (internal quotation marks, alteration, and citation omitted).

"Nevertheless, as the bearers of the burden to show joinder is impracticable, plaintiff must show some evidence of or reasonably estimate the number of class members." Newkirk, 2020 U.S. Dist. LEXIS 144887 at 17; *see also* Pecere v. Empire Blue Cross & Blue Shield, 194 F.R.D. 66, 70 (E.D.N.Y. 2000) (internal quotation marks, alterations, and citation omitted). "Impracticable does not mean impossible, but simply difficult or inconvenient." Newkirk, 2020 U.S. Dist. LEXIS 144887 at 17. Relevant considerations in assessing impracticability "include judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersion of class members, financial resources of class members, the ability of claimants to institute

6

individual suits, and requests for prospective injunctive relief which would involve future class members." Newkirk, 2020 U.S. Dist. LEXIS 144887, 17; *see also* Robidoux, 987 F.2d at 936.

Here, although Defendant THE CITY OF NEW YORK, the Department of Citywide Administrative Services (DCAS) and the FDNY does not maintain comprehensive employment data or documentation that specifically identifies nursing mothers, Plaintiff VANESSA FEELEY can at least point to some data produced by the FDNY supporting the probability of establishing the Rule 23 Class Members of nursing mothers. According to the FDNY, from August 15, 2007 through May 12, 2022, approximately four hundred seventy-six (476) female employees took child care leave. Declaration of Eric Sanders in Support of Motion for Class Certification ¶ 62 and Exhibit No.: 16. Also, between August 15, 2007, through May 17, 2021, approximately two hundred sixty-one (261) female employees *allegedly* filed express milk applications with the FDNY. Declaration of Eric Sanders in Support of Motion for Class Certification ¶ 63 and Exhibit No.: 17.

Therefore, Plaintiff VANESSA FEELEY satisfies the numerosity requirement.

      b.     Commonality

Rule 23(a)(2) requires there to be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The Supreme Court has noted that "[a]ny competently crafted class complaint literally raises common questions." Newkirk, 2020 U.S. Dist. LEXIS 144887 at 24; *see also* Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 349, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (internal quotation marks and citation omitted). "What matters to class certification . . . is not the raising of common questions—even in droves—but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." Newkirk, 2020 U.S. Dist. LEXIS 144887, 24; Wal-Mart Stores, Inc., 564 U.S. at 350. (emphasis in original)

(internal quotation marks and citation omitted). Rule 23(a)(2) requires that there be a common contention that is "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Newkirk, 2020 U.S. Dist. LEXIS 144887, 24.

"That said, a single common issue of law or fact suffices to satisfy Rule 23(a)(2)." Newkirk, 2020 U.S. Dist. LEXIS 144887 at 24; *see also* Elkind v. Revlon Consumer Prods. Corp., 2017 U.S. Dist. LEXIS 24512, 2017 WL 9480894, at 8 (E.D.N.Y. Mar. 9, 2017) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 46753, 2017 WL 1169552 (E.D.N.Y. Mar. 29, 2017). "Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question." Newkirk, 2020 U.S. Dist. LEXIS 144887 at 24; *see also* Johnson v. Nextel Commc'ns Inc., 780 F.3d 128, 137 (2d Cir. 2015) (internal quotation marks and citation omitted). Notably, the "individual circumstances of the class members may differ without precluding class certification," so long as there is "a common nucleus of operative facts or an issue that affects all members of the class." Newkirk, 2020 U.S. Dist. LEXIS 144887 at 24; *see also* Butto v. Collecto, Inc., 290 F.R.D. 372, 392 (E.D.N.Y. 2013).

Here, Plaintiff VANESSA FEELEY raises questions regarding Defendant THE CITY OF NEW YORK, DCAS and the FDNY failing to protect the legal rights of nursing mothers to express milk in the workplace in contravention of the FLAS, 206-c and the PWFA. The allegations are not unique to plaintiff, they are common to she and the putative Rule 23 Class of nursing mothers. "These common questions are "capable of classwide resolution," Wal-Mart Stores, Inc., 564 U.S. at 350, because plaintiff['s] assertions as to defendant's acts, omissions, and failures are "not specific to any particular [p]laintiff." Brooklyn Ctr. for Indep. of the

8

Disabled, 290 F.R.D. at 419 (internal quotation marks and citation omitted); *see also* Westchester Indep. Living Ctr., Inc. v. State Univ. of N.Y., Purchase Coll., 331 F.R.D. 279, 293 (S.D.N.Y. 2019) ("[D]espite variations in the buildings to which putative class members were denied access, and even despite the fact that some class members were able to access certain buildings while others were not, the core issue presented is whether Defendants engaged in a general course of conduct of not providing accessible paths of travel throughout the Campus, thereby denying people with mobility disabilities meaningful access. The answer to this question will resolve all of the class claims.")

Therefore, Plaintiff VANESSA FEELEY satisfies the commonality requirement.

c. Typicality

Rule 23(a)(3) requires that the claims asserted by the named plaintiff be "typical" of the claims of the class. Newkirk, 2020 U.S. Dist. LEXIS 144887 at 29. "Typicality ensures that class representative have the proper incentive to prove all elements of the cause of action that would be presented by individual members of the class if they were pursuing their own individualized actions." Newkirk, 2020 U.S. Dist. LEXIS 144887 at 30; *see also* Hoeffner v. D'Amato, 2019 U.S. Dist. LEXIS 55233, 2019 WL 1428367, at 7 (E.D.N.Y. Mar. 29, 2019).

"Although the analysis of typicality and commonality 'tend to merge,' each is 'distinct.'" Newkirk, 2020 U.S. Dist. LEXIS 144887 at 30; *see also* Kurtz v. Kimberly-Clark Corp., 321 F.R.D. 482, 532 (E.D.N.Y. 2017) (quoting Morangelli v. Chemed Corp., 275 F.R.D. 99, 104 (E.D.N.Y. 2011)). "The commonality requirement tests the definition of the class itself, while the typicality requirement focuses on how the named plaintiff's claims compare to the claims of the other class members." Newkirk, 2020 U.S. Dist. LEXIS 144887 at 30 (emphasis in original) (internal quotation marks and citation omitted). "Rule 23(a)(3)'s typicality requirement is

9

satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." Newkirk, 2020 U.S. Dist. LEXIS 144887 at 30; *see also* Robidoux, 987 F.2d at 936.

"When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." Newkirk, 2020 U.S. Dist. LEXIS 144887 at 31; *see also* Robidoux, 987 F.2d at 936-37. "[T]he existence of defenses unique to the named plaintiff may preclude class certification only if the unique defenses threaten to become the focus of the litigation." Newkirk, 2020 U.S. Dist. LEXIS 144887 at 31; *see also* Butto, 290 F.R.D. at 384 (internal quotation marks and citation omitted). Overall, typicality is not a "highly demanding" requirement. Newkirk, 2020 U.S. Dist. LEXIS 144887 at 31; *see also* Belfiore v. Procter & Gamble Co., 311 F.R.D. 29, 63 (E.D.N.Y. 2015) (internal quotation marks and citation omitted).

Here, Plaintiff VANESSA FEELEY raises questions regarding Defendant THE CITY OF NEW YORK, DCAS and the FDNY failing to protect the legal rights of nursing mothers to express milk in the workplace in contravention of the FLAS, 206-c and the PWFA. The fact that there may be minor variations in how defendant treated different plaintiffs or the putative class members based on different administrations does not render the claims of the plaintiff atypical. Newkirk, 2020 U.S. Dist. LEXIS 144887 at 32, *see also* Robidoux, 987 F.2d at 936-37; Cortigiano, 227 F.R.D. at 206. Rather, because all members of the class would benefit from the named plaintiff's action, typicality is satisfied. Newkirk, 2020 U.S. Dist. LEXIS 144887 at 32.

Therefore, Plaintiff VANESSA FEELEY satisfies the typicality requirement.

    d.    Adequacy of Representation

Rule 23(a)(4) provides that "the representative parties [must] fairly and adequately protect the interests of the class." Newkirk, 2020 U.S. Dist. LEXIS 144887 at 32; *see also* Fed. R. Civ. P. 23(a)(4). "Determination of adequacy typically entails inquiry as to whether: 1) plaintiff['s] interests are antagonistic to the interest of other members of the class and 2) plaintiff['s] attorney [is] qualified, experienced and able to conduct the litigation." Newkirk, 2020 U.S. Dist. LEXIS 144887 at 32; *see also* Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc., 502 F.3d 91, 99 (2d Cir. 2007) (internal quotation marks and citation omitted); In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig., 330 F.R.D. 11, 30 (E.D.N.Y. 2019) (same). As to the first inquiry, "Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." Newkirk, 2020 U.S. Dist. LEXIS 144887 at 32; *see also* Amchem Prods., Inc, 521 U.S. at 625. "Only a fundamental conflict will defeat the adequacy of representation requirement." Newkirk, 2020 U.S. Dist. LEXIS 144887 at 32; *see also* Lewis v. Alert Ambulette Serv. Corp., 2012 U.S. Dist. LEXIS 6269, 2012 WL 170049, at 11 (E.D.N.Y. Jan. 19, 2012)

Here, Plaintiff VANESSA FEELEY raises questions regarding Defendant THE CITY OF NEW YORK, DCAS and the FDNY failing to protect the legal rights of nursing mothers to express milk in the workplace in contravention of the FLAS, 206-c and the PWFA. Plaintiff VANESSA FEELEY is requesting declaratory and injunctive relief against a defendant who she allege is engaging in a common course of conduct toward she and the putative Rule 23 Class Members, and there is no indication that her interests in obtaining the requested relief are antagonistic to those of the other class members. Newkirk, 2020 U.S. Dist. LEXIS 144887 at 33; *see also* Brooklyn Ctr. for Indep. of the Disabled, 290 F.R.D. at 419; M.G. v. New York City Dep't of Educ., 162 F. Supp. 3d 216, 237 (S.D.N.Y. 2016). Furthermore, as evidenced by the Declaration of Eric Sanders, class counsel—is able, qualified, and experienced. Specifically, the

11

declaration states that "he has over the past nineteen (19) years counseled thousands of clients, handling a diverse range of complex legal matters including the police use of force, sexual harassment and other related civil rights matters. Declaration of Eric Sanders in Support of Motion for Class Certification ¶¶ 111 – 120 and Exhibit No.: 1. Moreover, Eric Sanders has previously handled other cases asserting a nursing mother legal right to express milk in the workplace under the FLSA, 206-c and the PWFA similar to the action here, the only difference is scale. Newkirk, 2020 U.S. Dist. LEXIS 144887 at 33.

Therefore, Plaintiff VANESSA FEELEY satisfies the adequacy of representation requirement.

    e.  The Implied Requirement of Ascertainability

The Second Circuit has ""recognized an implied requirement of ascertainability in Rule 23,' which demands that a class be 'sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.'" Newkirk, 2020 U.S. Dist. LEXIS 144887 at 34; *see also* In re Petrobras Sec., 862 F.3d at 260 (quoting Brecher v. Republic of Argentina, 806 F.3d 22, 24 (2d Cir. 2015)). In the context of a motion to certify a Rule 23(b)(2) class, the ascertainability requirement is less critical because "a chief objective of this rule is to provide broad injunctive relief to 'large and amorphous' classes not capable of certification under Rule 23(b)(3)." Newkirk, 2020 U.S. Dist. LEXIS 144887 at 34; *see also* Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co. (In re Vitamin C Antitrust Litig.), 279 F.R.D. 90, 116 (E.D.N.Y. 2012) (quoting Marisol A., 126 F.3d at 378); Westchester Indep. Living Ctr., Inc., 331 F.R.D. at 299. In any event, "class members need not be ascertainable prior to class certification; they need only be ascertainable at some point in the case." Newkirk, 2020 U.S. Dist. LEXIS 144887 at 35; *see also* Brooklyn Ctr. For Indep. Of the Disabled, 290 F.R.D. at 419 n.3.

Here, Plaintiff VANESSA FEELEY has sufficiently defined for the Court to determine whether a particular individual is a Rule 23 Class Member. The Rule 23 Class is defined as the <u>Nursing Mothers Class:</u> All female employees that have or will be employed with Defendant THE CITY OF NEW YORK and assigned to the Fire Department City of New York (FDNY) from August 15, 2007, to the date of judgment that have the need or chooses to express milk during work hours (the "Nursing Mothers Class"). "The fact that the putative Rule 23 Class includes future members… does not pose an obstacle to certification." <u>Newkirk,</u> 2020 U.S. Dist. LEXIS 144887 at 35; *see also* <u>Westchester Indep. Living Ctr., Inc.</u>, 331 F.R.D. at 299.

Therefore, Plaintiff VANESSA FEELEY satisfies the ascertainability requirement.

### III. THE REQUIREMENTS OF RULE 23(b)

As stated above, a class action may be maintained under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." <u>Newkirk,</u> 2020 U.S. Dist. LEXIS 144887 at 35. Each of the claims at issue here is based on Defendant THE CITY OF NEW YORK and the FDNY'S systemic failure or refusal to comply with the FLSA, 206-c and the PWFA, and the requested declaratory and injunctive relief "would inure to the benefit of all class members[.]" <u>Newkirk,</u> 2020 U.S. Dist. LEXIS 144887 at 35; *see also* <u>Brown v. Giuliani</u>, 158 F.R.D. 251, 269 (E.D.N.Y. 1994); <u>Brooklyn Ctr. for Indep. of the Disabled</u>, 290 F.R.D. at 420. Notably, cases like this one, "alleging systemic failure of governmental bodies to properly fulfill statutory requirements, have been held to be appropriate for class certification under Rule 23(b)(2)." <u>Newkirk,</u> 2020 U.S. Dist. LEXIS 144887 at 35; *see also* <u>Raymond v. Rowland</u>, 220 F.R.D. 173, 181 (D. Conn. 2004). Indeed, the Supreme Court has held that "[c]ivil rights cases against parties charged with unlawful, class-based

13

discrimination are prime examples" of the types of cases properly certified under Rule 23(b)(2). <u>Newkirk,</u> 2020 U.S. Dist. LEXIS 144887 at 35; *see also* <u>Amchem Prods., Inc.</u>, 521 U.S. at 614.

Accordingly, class certification under Rule 23(b)(2) is appropriate in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff VANESSA FEELY respectfully request that the Court grant an Order pursuant to the Federal Rules of Civil Procedure 23 (a) and (b)(2) certifying a Rule 23 class of Nursing Mothers defined as all female employees that have or will be employed with Defendant THE CITY OF NEW YORK and assigned to the Fire Department City of New York (FDNY) from August 15, 2007, to the date of judgment that have the need or chooses to express milk during work hours (the "Nursing Mothers Class"), who continue to be discriminated against because of the employers refusal to modify its policies, procedures and facilities in compliance with federal, state and local law without a Court Order and appointing undersigned counsel to represent the putative Rule 23 Class.

Dated:  August 21, 2022
New York, NY

Respectfully submitted,

By: _____
Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, NY 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com