UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
**VANESSA FEELEY**, on behalf of herself and a class of similarly situated individuals,

                       Plaintiff,

        – against –

**THE CITY OF NEW YORK**; **MICHAEL RUBENS BLOOMBERG**, as Former Mayor; **BILL de BLASIO**, as Mayor; **MARTHA H. HIRST**, as Former Commissioner — Department of Citywide Administrative Services; **EDNA WELLS HANDY**, as Former Commissioner — Department of Citywide Administrative Services; **STACEY CUMBERBATCH**, as Former Commissioner — Department of Citywide Administrative Services; **LISETTE CAMILO**, as Commissioner — Department of Citywide Administrative Services; **NICHOLAS SCOPPETTA**, as Former Commissioner — Fire Department City of New York; **SALVATORE CASSANO**, as Former Commissioner - Fire Department City of New York; **DANIEL A. NIGRO**, as Commissioner, Fire Department City of New York; **MARK ARONBERG**, as Assistant Commissioner, Fleet Services Division, Fire Department City of New York; **ANDY DIAMOND**, as Executive Director, Fleet Services Division, Fire Department City of New York; **LOUIS MORBELLI**, as Director, Fleet Services Division, Fire Department City of New York; **HUGH MCALLISTER**, as Deputy Director, Fleet Services Division, Fire Department City of New York and **PATRICK MURPHY**, as Supervisor, Fleet Services Division, Fire Department City of New York each sued individually and in their official capacities as employees of Defendant **THE CITY OF NEW YORK**,

                       Defendants.
------------------------------------------------------------------ X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

20-CV-1770 (AMD) (PK)

**ANN M. DONNELLY**, United States District Judge:

On April 10, 2020, the plaintiff filed this action alleging discrimination based on her need to pump breast milk at work. (*See generally* ECF No. 1.) The plaintiff brings claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1871, 42 U.S.C. § 1983; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107 *et seq.* (*Id.* at 1-2.)

On August 21, 2022, the plaintiff moved for class certification. (ECF No. 80.) I referred the motion to the Honorable Peggy Kuo, who issued a comprehensive report and recommendation on March 24, 2023. (ECF No. 96.) Judge Kuo recommended that I deny the plaintiff's motion because she did not show commonality, typicality, or adequacy with respect to a proposed class. (*Id.* at 16-23.) No party has filed an objection to the report and recommendation; the time for doing so has passed.

A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept a report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 369 (E.D.N.Y. 2014).

I have carefully reviewed Magistrate Judge Kuo's thorough and well-reasoned report and recommendation for clear error and find none. Accordingly, I adopt the report and recommendation in its entirety, and deny the plaintiff's motion for class certification.

**SO ORDERED.**

                                                                s/Ann M. Donnelly
                                                        _____
                                                        ANN M. DONNELLY
                                                       United States District Judge

Dated:  Brooklyn, New York
         April 12, 2023